# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# SOUTHEASTERN DIVISION

| | |
|---|---|
| KYLE A. ROBERTS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )  No. 1:12-CV-134-SNLJ |
| | ) |
| GEORGE A. LOMBARDI, et al., | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

This matter is before the Court upon plaintiff's attempted compliance with this Court's Memorandum and Order of August 17, 2012, instructing him to file an amended complaint in accordance with the Court's instructions [Doc. #7].

The forty-one-page amended complaint [Doc. #14] is not in compliance with this Court's August 17 Order, wherein the Court specifically instructed plaintiff, as follows:

> [I]n the "Statement of Claim," plaintiff shall start by typing or legibly writing the first defendant's name, and under that name, *he shall set forth in separate numbered paragraphs the allegations supporting his claim(s) as to that particular defendant, as well as the right(s) that he claims that particular defendant violated*. Plaintiff shall proceed in this manner with each of the named defendants, *separately setting forth each individual name and under that name, in numbered paragraphs, the allegations specific to that particular defendant and the right(s) that he claims that particular defendant violated*. The amended complaint must contain *short and plain statements* showing that plaintiff is entitled to

>relief, the allegations must be *simple, concise, and direct*, and the numbered paragraphs must *each be limited to a single set of circumstances*.

(Emphasis added). Plaintiff's amended complaint contains rambling, convoluted, multi-paged assertions that are not limited to a single set of circumstances. In addition, plaintiff has failed to number each of the paragraphs in sequential order, and he has failed to limit each paragraph to a single set of circumstances, thus making it extremely difficult for the Court to ascertain the precise nature of his claims against each defendant and virtually impossible for a defendant to respond to the allegations. The Federal Rules of Civil Procedure require litigants to formulate their pleadings in an organized and comprehensible manner. Even pro se litigants are obligated to abide by the Federal Rules of Civil Procedure; however, plaintiff has failed to do so in this case. *See U.S. v. Wilkes*, 20 F.3d 651, 653 (5th Cir. 1994); *Boswell v. Honorable Governor of Texas*, 138 F.Supp.2d 782, 785 (N.D. Texas 2000); Fed.R.Civ.P. 8(a)(2)(complaint should contain "short and plain statement" of claims); Fed.R.Civ.P. 8(e)(2)(each claim shall be "simple, concise, and direct"); Fed.R.Civ.P. 10(b)(parties are to separate their claims within their pleadings "the contents of which shall be limited as far as practicable to a single set of circumstances").

Because plaintiff is proceeding pro se and in forma pauperis, the Court will allow him one final opportunity to file a second amended complaint in accordance with the Court's explicit instructions.

Plaintiff is advised that his second amended complaint will supersede all of the complaints he has submitted to date, and it will be the only complaint this Court reviews.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff shall file a second amended complaint on or before October 9, 2012, that complies with this Memorandum and Order.

**IT IS FURTHER ORDERED** that, in addition to a copy of this Order, the Clerk shall forward to plaintiff the court-provided form for a prisoner to file a "Complaint Under the Civil Rights Act, 42 U.S.C. § 1983."

**IT IS FURTHER ORDERED** that plaintiff's failure to amend his complaint in accordance with this Court's instructions will result in the dismissal of this action, without prejudice.

Dated this 10th day of September, 2012.

_____
**UNITED STATES DISTRICT JUDGE**