UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

| | | |
|---|---|---|
| KYLE A. ROBERTS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 1:12-CV-134-SNLJ |
| | ) | |
| GEORGE A. LOMBARDI, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM AND ORDER**

This matter is before the Court upon review of plaintiff's second amended complaint [Doc. #16] and supplements [Docs. #19, #21, and #23]. For the reasons set forth below, the Court will dismiss this action pursuant to 28 U.S.C. § 1915(e)(2)(B).

**28 U.S.C. § 1915(e)**

Pursuant to 28 U.S.C. § 1915(e)(2)(B), the Court must dismiss a complaint filed in forma pauperis if the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief. An action is frivolous if it "lacks an arguable basis in either law or fact." *Neitzke v. Williams*, 490 U.S. 319, 328 (1989). An action is malicious if it is undertaken for the purpose of harassing the named defendants and not for the purpose of vindicating a cognizable right. *Spencer v. Rhodes*, 656 F. Supp. 458, 461-63

(E.D.N.C. 1987), *aff'd* 826 F.2d 1059 (4th Cir. 1987). An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

To determine whether an action fails to state a claim upon which relief can be granted, the Court must engage in a two-step inquiry. First, the Court must identify the allegations in the complaint that are not entitled to the assumption of truth. *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1950-51 (2009). These include "legal conclusions" and "[t]hreadbare recitals of the elements of a cause of action [that are] supported by mere conclusory statements." *Id.* at 1949. Second, the Court must determine whether the complaint states a plausible claim for relief. *Id.* at 1950-51. This is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 1950. The plaintiff is required to plead facts that show more than the "mere possibility of misconduct." *Id.* The Court must review the factual allegations in the complaint "to determine if they plausibly suggest an entitlement to relief." *Id.* at 1951. When faced with alternative explanations for the alleged misconduct, the Court may exercise its judgment in determining whether plaintiff's conclusion is the most plausible or whether it is more likely that no misconduct occurred. *Id.* at 1950, 51-52.

Moreover, in reviewing a pro se complaint under § 1915(e)(2)(B), the Court must give the pleading the benefit of a liberal construction. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). The Court must also weigh all factual allegations in favor of the plaintiff, unless the facts alleged are clearly baseless. *Denton v. Hernandez*, 504 U.S. 25, 32 (1992).

**The Second Amended Complaint and Supplements**

Plaintiff, an inmate at the South Central Correctional Center, brings this 42 U.S.C. § 1983 action against defendants George A. Lombardi, Corizon, Inc., Dr. Ricky Jones, Dr. Robert Graham, Dr. Gregory Pronoud, Stephanie Novak, Dr. Michael Hakala, and Jeffrey Norman. Plaintiff's allegations arise out of the medical treatment he received, or failed to receive, at the Southeast Correctional Center, after another inmate, Fernando Fremandez, assaulted him and broke his jaw. In addition, plaintiff claims that defendants failed to follow Missouri Department of Corrections policy and procedure relative to oral and dental care. For relief, plaintiff states, "To fix jaw and make defendants pay." Plaintiff is suing the individual defendants in their individual and official capacities.

**A. Official Capacity Claims against Lombardi, Jones, Graham, Pronoud, Novak, Hakala, and Norman**

Naming a government official in his or her official capacity is the equivalent of naming the government entity that employs the official, in this case the State of

Missouri. *See Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71 (1989). "[N]either a State nor its officials acting in their official capacity are 'persons' under § 1983." *Id.* As such, the complaint is legally frivolous and fails to state a claim upon which relief can be granted as to defendants George A. Lombardi, Dr. Ricky Jones, Dr. Robert Graham, Dr. Gregory Pronoud, Stephanie Novak, Dr. Michael Hakala, and Jeffrey Norman in their official capacities.

### B. Individual Capacity Claims against Lombardi, Jones, Graham, Pronoud, Novak, Hakala, and Norman

#### 1. Claims against George Lombardi

Liberally construing the pleadings, plaintiff is suing George Lombardi in his supervisory capacity. Plaintiff alleges that Sergeant Werebougher, who is not a defendant in this case, allowed the inmate who broke plaintiff's jaw to enter plaintiff's cell "without a prior agreement,"[1] and that therefore, defendant Lombardi is responsible for plaintiff's physical injuries. In addition, plaintiff states that Lombardi "[f]ailed to provide care of his office thus knowing [plaintiff] needed treatment and failed to act," and "[f]ailed to train Dwayne Kempker by allowing interference with medical complaint which interfered [with plaintiff] getting adequate treatment of [his] jaw." Plaintiff further states that Lombardi "[m]akes policies and . . . [is] overseer of

---

[1] Plaintiff states, "They had been putting me in cells with a lot of murders [sic] . . . Fernando Fremandez was allowed to enter my cell without no prior agreement, a common thing with Missouri D.O.C."

4

medical policies such as the oral surgery policy" and is "responsible [for] paying and contracting [with] Corizon, Inc.," and that Corizon "failed [his] 8th Amendment right."

"Liability under section 1983 requires a causal link to, and direct responsibility for, the alleged deprivation of rights." *Madewell v. Roberts*, 909 F.2d 1203, 1208 (8th Cir. 1990); *see also Martin v. Sargent*, 780 F.2d 1334, 1338 (8th Cir. 1985) (claim not cognizable under § 1983 where plaintiff fails to allege defendant was personally involved in or directly responsible for incidents that injured plaintiff). Moreover, the theory of respondeat superior is inapplicable in § 1983 suits. *Boyd v. Knox*, 47 F.3d 966, 968 (8th Cir. 1995); *see also Keeper v. King*, 130 F.3d 1309, 1314 (8th Cir. 1997)(noting that general responsibility for supervising operations of prison is insufficient to establish personal involvement required to support liability under § 1983); *Woods v. Goord*, 1998 WL 740782, at *6 (S.D.N.Y. Oct.23, 1998) (receiving letters or complaints does not render prison officials personally liable under § 1983).

Having carefully reviewed the complaint and supplements, the Court finds no facts indicating that defendant Lombardi was directly involved in or personally responsible for the violation of plaintiff's constitutional rights. In addition, plaintiff's unsupported allegation that Lombardi failed to train Dwayne Kemper is conclusory, at most suggesting perhaps some sort of negligence, as opposed to deliberate

5

indifference. *See Gilles v. Davis*, 427 F.3d 197, 207 n.7 (3d Cir. 2005)(noting deliberate indifference requirement for failure-to-train claim).

Because plaintiff has failed to assert any non-conclusory claims against Lombardi, and he does not allege that defendant's failure to train amounted to deliberate indifference, this action will be dismissed as legally frivolous and for failure to state a claim as to defendant George Lombardi. *See Iqbal*, 129 S. Ct. at 1950-51 (legal conclusions and threadbare recitals of the elements of a cause of action that are supported by mere conclusory statements are not entitled to the assumption of truth).

### 2. Claims against Dr. Ricky Jones

With regard to Dr. Ricky Jones, plaintiff alleges,

> Denial of treatment. He had authority of law to provide treatment and didn't. He felt [the] place where bone was fractured and inappropriately healed. I have physical injury and should've been given emergency relief by oral surgery policy. . . He failed in statute and constitution and allowed Mrs. Novak to deny what he had already offered. He knew it was acute and would not change without intervention.

Although plaintiff states he "should've been given emergency relief by oral surgery policy," it is unclear exactly what Dr. Jones allegedly should have done for plaintiff, or what he failed to do. Plaintiff's allegations indicate that he found Dr. Jones' clinical examination to be inadequate, and he disagreed with the recommended course of treatment; however, as stated, the allegations do not rise to the level of a § 1983

6

claim. Moreover, "claims of inadequate medical treatment which reflect a mere disagreement with [state] authorities over proper medical treatment do not state a claim of constitutional magnitude." *Massey v. Hutto*, 545 F.2d 45, 46 (8th Cir. 1976). For these reasons, the Court will dismiss this action as to defendant Dr. Ricky Jones.

### 3. Claims against Dr. Robert Graham

Plaintiff is suing Dr. Graham for "alleged misdiagnosis." Plaintiff states, "I didn't see [a] specialist for almost 2 weeks after I woke up with my jaw bleeding and immediately sought attention. I should be given health care 24/7 . . . His misdiagnosis caused me not to get immediate help."

To state a claim for medical mistreatment, a plaintiff must plead facts sufficient to indicate a deliberate indifference to serious medical needs. *Estelle*, 429 U.S. at 106. Mere negligence in diagnosing or treating a medical condition does not rise to the level of a constitutional violation, *Estelle v. Gamble*, 429 U.S. 97, 106 (1976), nor does a mere disagreement over treatment methods. *Smith v. Marcantonio*, 910 F.2d 500, 502 (8th Cir. 1990). Plaintiff's allegations relative to Dr. Graham's misdiagnosis sound in negligence, and therefore, do not rise to the level of deliberate indifference so as to state an Eighth Amendment § 1983 claim. As such, this action will be dismissed as to Dr. Graham, pursuant to § 1915(e)(2)(B).

### 4. Claims against Dr. Gregory Pronoud

Plaintiff alleges that Dr. Pronoud "restored [his] jaw at first and was [a] decent doctor all the way up to [the] incident" when plaintiff's jaw "popped at night . . . causing broken bone in which they purposefully left [sic]. He has got to provide me treatment and is bound by our constitution. I was deprived under his care." Plaintiff further alleges, "Due to him being [an] independent contractor does not bar him[;] he was to provide me treatment or refer me to another specialist [who] could[;] instead he went to negotiate costs with central office."

To state a claim for unconstitutional medical mistreatment, a plaintiff must plead facts sufficient to indicate deliberate indifference to serious medical needs. *Estelle*, 429 U.S. at 106; *Camberos v. Branstad*, 73 F.3d 174, 175 (8th Cir. 1995). To show deliberate indifference, a plaintiff must allege that he suffered objectively serious medical needs and that the defendants actually knew of, but disregarded, those needs. *Dulany v. Carnahan*, 132 F.3d 1234, 1239 (8th Cir. 1997). Medical malpractice alone is not actionable under the Eighth Amendment. *Smith v. Clarke*, 458 F.3d 720, 724 (8th Cir. 2006). To state a claim for deliberate indifference, "the prisoner must show more than negligence, more even than gross negligence, and mere disagreement with treatment decisions does not rise to the level of a constitutional violation." *Estate of Rosenberg v. Crandell*, 56 F.3d 35, 37 (8th Cir. 1995).

Plaintiff's conclusory allegations relative to being "deprived" while under the

8

care of Dr. Pronoud, are not entitled to the assumption of truth, and they do not rise to the level of deliberate indifference. *See Iqbal*, 129 S.Ct. at 1950-51. Plaintiff has failed to allege that Dr. Pronoud knew of, but disregarded, plaintiff's objectively serious medical needs after plaintiff's jaw "popped," and therefore, the allegations fail to state an Eighth Amendment § 1983 claim against Dr. Pronoud. Accordingly, this action will be dismissed as to Dr. Pronoud pursuant to § 1915(e)(2)(B).

### 5. Claims against Stephanie Novak

Plaintiff summarily alleges that he "personally suffered" while under the care of defendant Stephanie Novak. Plaintiff claims that, as the Director of Nursing, Novak failed "to ensure inmates' state and federal [rights]." In addition, plaintiff claims that Novak failed in "her personal duties as state actor."

The Court will dismiss this action as to defendant Stephanie Novak, because plaintiff has failed to allege a violation of his constitutional rights, and his conclusory claims are legally frivolous. *See Twombly*, 550 U.S. at 555 (plaintiff's obligation to provide grounds of entitlement to relief requires more than labels and conclusions).

### 6. Claims against Dr. Michael Hakala

Plaintiff alleges that Dr. Hakala is Dr. Graham's "advisor," as well as the "Medical Director." Plaintiff states,

> Failed to train. Denial of treatment. Unprofessional . . . Did cut callous [sic] off left side. And could've guided Graham but failed his duties . . . I had bone marrow coming from under my tooth. Failed to act.

9

Plaintiff's conclusory allegations relative to Dr. Hakala's unprofessional conduct and failure to train Dr. Graham lack any factual basis and simply do not state a claim or cause of action under § 1983. The Court, therefore, will dismiss this action as to Dr. Hakala.

### 7. Claims against Jeffrey Norman

As to defendant Jeffrey Norman, plaintiff alleges, "Failure to protect, failure to train, denied treatment. Werebougher, Jesse May, and Swift put my well-being at stake at a weak moment." In addition, plaintiff alleges,

> Failed to get [an] agreement saying it was alright to cell with and have gotten write-ups for refusing cellies and put another p.c. that ultimately put my life and safety at excessive risk . . . Should've never been brutally attacked. Should've trained Jesse May, Werebougher, Swift appropriately on procedure and necessary force and getting agreement and would've not been restrained with excessive risk of being attacked.

Plaintiff further states, "4. Broken Jaw - didn't receive treatment. 5. Failure to protect received broken jaw. 6. Denied treatment - was aware and failed to act with authority of law."

The complaint is legally frivolous as to defendant Jeffrey Norman, because plaintiff does not set forth any facts indicating that Norman knew that inmate Fernando Fremandez was a threat to plaintiff or that Norman was otherwise directly involved in or personally responsible for the violation of plaintiff's constitutional rights. *See Madewell*, 909 F.2d at 1208 (liability under § 1983 requires causal link

to, and direct responsibility for, alleged deprivation of rights); *see also Martin*, 780 F.2d at 1338 (claim not cognizable under § 1983 where plaintiff fails to allege defendant was personally involved in or directly responsible for incidents that injured plaintiff).

To the extent that plaintiff is attempting to attach liability because of Norman's supervisory position, his claims must fail. *See Boyd*, 47 F.3d at 968 (respondeat superior theory inapplicable in § 1983 suits). Plaintiff does not allege that Norman personally participated in, or had direct responsibility for, the alleged violations of plaintiff's constitutional rights. *See McDowell v. Jones*, 990 F.2d 433, 435 (8th Cir. 1993)(supervisory liability under § 1983 requires proof that the supervisor personally participated in or had direct responsibility for the alleged violations). In addition, plaintiff does not state a claim for relief based on an alleged failure to train, because he does not allege or present any facts indicating that Jeffrey Norman acted with deliberate indifference. Rather, plaintiff summarily alleges that he was "denied treatment," that there was a "failure to protect," and that Norman "should've trained" others; however, a "plaintiff's obligation to provide the grounds of his entitle[ment] to relief requires more than labels and conclusions." *Twombly*, 550 U.S. at 555. For these reasons, the Court will dismiss this action as to defendant Jeffrey Norman, pursuant to § 1915(e)(2)(B).

### C. Claims against Corizon, Inc.

The complaint is also legally frivolous as to defendant Corizon, Inc., because plaintiff does not claim that any of the alleged constitutional violations are the result of an official policy or action. Plaintiff merely alleges, "You let your staff run amok . . . You are in violation of statute and law by the people you let represent you . . . People suffer under poorly trained, deliberate[ly] calloused staff . . . You can't ignore people's serious medical needs." "A corporation acting under color of state law will be held liable only for its own unconstitutional policies." *See Sanders v. Sears, Roebuck & Co.*, 984 F.2d 972, 975-76 (8th Cir. 1993). Because plaintiff does not identify any alleged Corizon official policies or customs, the second amended complaint and supplements are legally frivolous as to this defendant.

### D. Failure-to-Follow-Policy Claims

Last, the Court will dismiss plaintiff's claims that the individual defendants failed to follow Missouri Department of Corrections policy and procedure relative to oral and dental care. Not only are plaintiff's claims conclusory, but allegations of having violated state law or prison policy do not, in themselves, state a constitutional claim under § 1983. *Bagley v. Rogerson*, 5 F.3d 325 (8th Cir. 1993).

Accordingly,

**IT IS HEREBY ORDERED** that the Clerk shall not issue process or cause process to issue on the second amended complaint and supplements, because the

allegations are legally frivolous and fail to state a claim upon which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B).

A separate Order of Dismissal shall accompany this Memorandum and Order.

Dated this 8th day of November, 2012.

_____
**UNITED STATES DISTRICT JUDGE**