**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**SOUTHEASTERN DIVISION**

| | | |
|---|---|---|
| **KYLE A. ROBERTS,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **vs.** | ) | **Case No. 1:12-CV-134-SNLJ** |
| | ) | |
| **GEORGE A. LOMBARDI, et al.,** | ) | |
| | ) | |
| **Defendants.** | ) | |

## MEMORANDUM and ORDER

This matter is before the Court on defendant Gregory Pernoud's motion to strike the affidavit and testimony of Dr. V. Jose Thomas. Plaintiff attached Dr. Thomas's declaration to plaintiff's Omnibus Statement of Facts (#183) on February 12, 2015. Defendant argues that Thomas's affidavit should be stricken because he was not disclosed as an expert in this matter. Plaintiff responds that Dr. Thomas was disclosed in plaintiff's supplement expert disclosures via e-mail on August 29, 2014. The e-mail was apparently sent to multiple attorneys at different law firms. Counsel for Dr. Pernoud states that they did not receive the email. Moreover, counsel points out that plaintiff was required to serve his supplemental disclosures no later than August 25, 2014. Thus, the disclosures came four days late. Plaintiff points out that no one objected to the late service and that discovery did not close until four months later.

The parties do not suggest that counsel has fabricated the (tardy) e-mailed disclosures. Although counsel likely should have sought consent or leave to serve

disclosures late, the Court declines to sanction plaintiff for counsel's failure to serve the supplemental disclosures. As an alternative to striking Dr. Thomas's declaration, defendant requests leave to conduct the deposition of Dr. Thomas. Leave to depose Dr. Thomas will be granted.

Accordingly,

IT IS HEREBY ORDERED that defendant Pernoud's motion to strike (#195) is DENIED.

IT IS FURTHER ORDERED that the parties are granted leave to take the deposition of Dr. Thomas.

Dated this __19th__ day of May, 2015.

_____
STEPHEN N. LIMBAUGH, JR.
UNITED STATES DISTRICT JUDGE