# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# SOUTHEASTERN DIVISION

| KYLE A. ROBERTS, | ) |
|---|---|
| Plaintiff, | ) |
| vs. | ) Case No. 1:12-CV-134-SNLJ |
| GEORGE A. LOMBARDI, et al., | ) |
| Defendants. | ) |

## MEMORANDUM and ORDER

This matter is before the Court defendants Corizon, LLC, and Jackson Institutional Dental Services, P.C., ("JIDS"), Dr. Ernest Jackson, Dr. Rick Jones, Stephanie Novak, and Dr. Gregory Pernoud, D.D.S.'s motions to exclude the expert written report and opinions of Dr. Andrew Martine (#165, #167).

Plaintiff identified Dr. Martine as a rebuttal expert witness in response to defendant Dr. Pernoud's expert witness, Dr. Hosch. Dr. Martine is a radiologist retained to rebut Dr. Hosch's testimony that plaintiff's jaw was "well healed" and to testify regarding matters including plaintiff's jaw deformity, including interpretation of x-rays of plaintiff's jaw. The report does not include any opinion regarding the treatment provided to plaintiff, the results of that treatment, or the functionality of plaintiff's jaw.

Federal Rule of Evidence 702 provides as follows:

> A witness who is qualified as an expert by knowledge, skill, experience, training or education may testify in the form of an opinion or otherwise if: (a) the expert's scientific, technical, or

1

> other specialized knowledge will help the trier of fact to understand the evidence or determine a fact in issue; (b) the testimony is based on sufficient facts or data; (c) the testimony is the product of reliable principles and methods; and (d) the expert has reliably applied the principles and methods to the facts of the case.

Fed.R.Evid. 702. "Under Rule 702, it is the trial judge, in admitting expert testimony, who has the gatekeeping responsibility to ensure than an expert's testimony both rests on a reliable foundation and is relevant to the task at hand. *First Union Nat. Bank v. Benham,* 423 F.3d 855, 861 (8th Cir.2005) (citing *Kumho Tire Co. v. Carmichael,* 526 U.S. 137, 141 (1999).

The "function of rebuttal is to explain, repel, counteract or disprove evidence of the adverse party." *United States v. Luschen*, 614 F.2d 1164, 1170 (8th Cir. 1980). Rebuttal testimony may be offered "solely to contradict or rebut evidence on the same subject matter identified by another party under Rule 26(a)(2)(B)." Fed. R. Civ. P. 26(a)(2)(C). In the Eighth Circuit, "rebuttal evidence may be used to challenge the evidence or theory of an opponent and not to establish a case-in-chief." *Marmo v. Tyson Fresh Meats, Inc.*, 457 F.3d 748, 759 (8th Cir. 2006).

Defendants contend that Dr. Martine's opinions should be excluded because he has no training in oral and maxillofacial surgery and is not qualified to rebut the opinions of Dr. Hosch, who is an oral and maxillofacial surgeon. Defendants further state that Dr. Martine does not explain, repel, counteract, or disprove the opinions offered by Dr. Hosch. Defendants also point out that Dr. Martine's opinion was based on insufficient

data or facts because he prefaced his opinion and report with the observation that the images examined were of "significantly limited quality."

Dr. Hosch's opinion was that plaintiff's jaw is "well-healed." In contrast, Dr. Martine opined that plaintiff's jaw is over 100% displaced and significantly deformed. First, plaintiff points out that Dr. Martine is fully qualified to interpret x-rays as a board-certified radiologist. Defendants do not appear to dispute that Dr. Martine offers his opinions by using his specialized scientific and technical knowledge and training to interpret highly technical x-rays that cannot be interpreted by a lay person. There is further no dispute that his opinion is based on his expertise and the x-rays of plaintiff's jaw. Defendants do not dispute that Dr. Martine is a qualified radiologist or dispute the reliability of his methods. The fact that he is not an oral and maxillofacial surgeon does not make him unqualified to rebut the testimony that plaintiff's jaw is "well-healed." The fact that Dr. Martine --- who is undeniably an expert at interpreting x-rays of jaw bones --- found that plaintiff's jaw is displaced and deformed does refute Dr. Hosch's opinion that the jaw is "well-healed."

As for defendant's contention that Dr. Martine's testimony is improper as rebuttal and more suited for plaintiff's case-in-chief, "the Eighth Circuit has stated, 'The fact that testimony would have been more proper for the case-in-chief does not preclude the testimony if it is proper both in the case-in-chief and in the rebuttal.'" *Mason v. Safeco Ins. Co. of Am.*, No. 4:09-CV-1081 CAS, 2010 WL 5070723, at *7 (E.D. Mo. Dec. 6, 2010) (quoting *Luschen*, 614 F.2d at 1170).

Finally, the x-ray images interpreted by Dr. Martine are the only versions of the x-rays at issue that were produced by defendant Corizon in response to plaintiff's request for his x-rays. Plaintiff requested the originals, but counsel for Corizon represented that they could not locate them. (Plaintiff notes that he reserves the right to file an appropriate motion for sanctions based on apparent destruction of the originals.) Regardless, despite acknowledging the condition of the copies, Dr. Martine was able to give his opinion with confidence, as he explained in his deposition. Although the x-ray copies were of "significantly limited quality," there is no evidence they were insufficient for Dr. Martine to read.

Notably, defendants have not filed reply memoranda in support of their motion to exclude Dr. Martine's testimony. "Expert testimony is admissible if it is reliable and will help the jury understand the evidence or decide a fact in issue." *Archer Daniels Midland Co. v. Aon Risk Servs., Inc. of Minnesota*, 356 F.3d 850, 858 (8th Cir. 2004) (internal quotation omitted); *see also* Fed. R. Evid. 702. Furthermore, "an expert need not have an opinion on an ultimate issue of fact in order for the testimony to be admissible." *Id.* (citing *Bonner v. ISP Techs., Inc.,* 259 F.3d 924, 929 (8th Cir. 2001).). "An expert's opinion must be excluded only if it 'is so fundamentally unsupported that it can offer no assistance to the jury.'" *Id.* (internal quotation omitted). Dr. Martine's opinion is reliable and will help the jury understand the facts of this case. The motion will be denied.

Accordingly,

**IT IS HEREBY ORDERED** that defendants' motions to exclude the expert written report and opinions of Dr. Andrew Martine (#165, #167) are **DENIED**.

Dated this 29<u>th</u> day of May, 2015.

                                       */s/ Stephen N. Limbaugh, Jr.*
                                       STEPHEN N. LIMBAUGH, JR.
                                       UNITED STATES DISTRICT JUDGE