UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

| | |
|---|---|
| KYLE A. ROBERTS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 1:12-CV-134-SNLJ |
| | ) |
| GEORGE A. LOMBARDI, et al., | ) |
| | ) |
| Defendants. | ) |

### MEMORANDUM and ORDER

This matter is before the Court on plaintiff's motion to exclude testimony of Dr. Gregg W. Hosch, DDS (#164). Plaintiff specifically seeks to exclude testimony, offered by Dr. Hosch, that there was no violation of plaintiff's Constitutional rights and that the defendants did not act with deliberate indifference. Plaintiff also seeks to exclude testimony from Dr. Hosch regarding what Dr. Pernoud "felt."

Federal Rule of Evidence 702 provides as follows:

> A witness who is qualified as an expert by knowledge, skill, experience, training or education may testify in the form of an opinion or otherwise if: (a) the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or determine a fact in issue; (b) the testimony is based on sufficient facts or data; (c) the testimony is the product of reliable principles and methods; and (d) the expert has reliably applied the principles and methods to the facts of the case.

Fed.R.Evid. 702. "Under Rule 702, it is the trial judge, in admitting expert testimony, who has the gatekeeping responsibility to ensure than an expert's testimony both rests on

1

a reliable foundation and is relevant to the task at hand. *First Union Nat. Bank v. Benham,* 423 F.3d 855, 861 (8th Cir.2005) (citing *Kumho Tire Co. v. Carmichael,* 526 U.S. 137, 141 (1999).

Plaintiff is correct that "any expert testimony on a legal conclusion will not assist the trier of fact and is thus inadmissible." *Berg v. Johnson & Johnson*, 940 F. Supp. 2d 983, 1000 (D.S.D. 2013) (citing *United States v. Wells,* 63 F.3d 745, 753 (8th Cir.1995) ("[I]nstruction on the law is the function of the court, not a defense expert."), *rev'd on other grounds,* 519 U.S. 482, 117 S.Ct. 921, 137 L.Ed.2d 107 (1997)). Whether plaintiff's constitutional rights were violated is a question for the jury to answer based on the evidence at trial. Defendants agree that Dr. Hosch is not permitted to offer legal conclusions, such as whether behavior constituted deliberate indifference or whether constitutional rights were violated, and any such testimony is prohibited.

Plaintiffs observe that Dr. Hosch includes in his report that "It was the feeling of Dr. Pernoud that the patient had irreparably violated the doctor patient relationship, and that if surgery were to be necessary, another provider would be a better choice for the patient." Plaintiffs ask the Court to strike testimony on how Dr. Pernoud "felt," as that testimony is more appropriately sought from Dr. Pernoud himself. Defendants counter that Dr. Hosch relied upon Dr. Pernoud's perception (gleaned from Dr. Pernoud's deposition testimony) as part of the foundation for his expert opinion. The Court agrees that defendant's expert is permitted to summarize Dr. Pernoud's deposition testimony as it pertains to the foundation for the expert's opinion. However, the expert is not

permitted to testify for Dr. Pernoud, and the expert must be careful not to do so as he provides the foundation for his testimony.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion to exclude testimony of Dr. Hosch (#164) is **GRANTED in part**.

Dated this  2nd  day of June, 2015.

STEPHEN N. LIMBAUGH, JR.
UNITED STATES DISTRICT JUDGE